# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**ANNETTA S. RUSSELL,**
**Claimant Below, Petitioner**

**FILED**

March 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0194**  (BOR Appeal No. 2050755)
(Claim No. 2013016349)

**B. E. AEROSPACE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Annetta S. Russell, by Linda Garrett, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. B.E. Aerospace, Inc., by Katherine Arritt, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 3, 2016, in which the Board affirmed the August 7, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 16, 2015, decision denying the payment of additional temporary total disability benefits for the period from July 27, 2013, through February 4, 2014. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Annetta S. Russell worked as a buffer. She was putting on oversized coveralls on December 6, 2012, when she fell and injured her back. After litigation, her claim was ruled compensable for the conditions of recessed disc at L4-L5 and radiculopathy in the L4-L5 distribution. Ms. Russell was paid temporary total disability benefits for the period from December 7, 2012, through July 26, 2013. Ms. Russell's request to reopen her claim for payment of temporary total disability benefits for the period from July 27, 2013, to February 4, 2014, was submitted on April 2, 2015, and denied by the claims administrator on April 16, 2015.

1

Ms. Russell has a history of lumbar spine problems dating back to at least 1997, when she was diagnosed with bulging discs and degenerative disc disease. More recently, on October 1, 2012, she was diagnosed with low back pain and sciatica. On December 10, 2012, four days after the fall at work, she was diagnosed with sciatica. Lumbar spine x-rays taken on December 18, 2012, revealed degenerative changes at the lower thoracic and lumbar spine from facet osteoarthropathy from L3 down to S1 with subtle grade 1 spondylolisthesis of L3 on L4. These were the same changes seen on a September 26, 2012, lumbar spine x-ray.

Ms. Russell was referred to David Weinsweig, M.D., to explore her surgical options after conservative treatment failed to provide relief of her symptoms. On April 5, 2013, Dr. Weinsweig diagnosed spondylolisthesis and lumbar stenosis. He opined that Ms. Russell suffered from pain temporally related to the December 6, 2012, fall. Her chronic back pain was exacerbated by the fall. Dr. Weinsweig suggested Ms. Russell continue with conservative treatment.

Jeff Rodebaugh, M.D., is Ms. Russell's family physician. He treated Ms. Russell on September 27, 2013. Unspecified backache, unspecified thoracic or lumbosacral neuritis or radiculitis, and other chronic pain were among the diagnoses for which Dr. Rodebaugh was treating Ms. Russell. He diagnosed chronic back pain with L4-L5 nerve impingement and radiculopathy. He noted he was giving Ms. Russell a work excuse to be off work for the next two months as there was no light duty work available. On December 3, 2013, Dr. Rodebaugh referred Ms. Russell back to Dr. Weinsweig. Dr. Rodebaugh's diagnoses remained chronic back pain with L4-L5 impingement and radiculopathy. He provided Ms. Russell with a note stating she was going to be under his care from December 3, 2013, to February 4, 2014. He did not specify that Ms. Russell was unable to work during this time.

Kenneth Fortgang, M.D., performed an Age of Injury Analysis and MRI comparison on December 31, 2013. In his opinion, there were disc abnormalities as well as spinal stenosis noted in a July 7, 2007, MRI. The spinal stenosis was chronic and not due to the injury. The disease seen on the July 1, 2007, MRI had progressed as one would expect. There were no specific acute findings attributable to the December 12, 2012, injury. Marsha Bailey, M.D., performed a medical records review on January 8, 2014. In her opinion, Ms. Russell's ongoing back complaints were solely the result of her progressive degenerative spine condition.

Dr. Weinsweig performed bilateral microdiscectomies at L3-L4 and L4-L5 and a fusion at L3-L4 on May 22, 2014. The pre-operative and post-operative diagnoses were lumbar stenosis with neurogenic claudication and spondylolisthesis. On July 1, 2014, Dr. Weinsweig updated his diagnosis history to include congenital spondylolisthesis, lumbago, lumbosacral spondylosis without myelopathy, spinal stenosis with lumbar neurogenic claudication, spinal stenosis of the lumbar region, and thoracic and lumbosacral neuritis/radiculitis.

Prasadarao Mukkamala, M.D., performed a medical records review on July 8, 2015. He diagnosed chronic back pain due to degenerative spondyloarthropathy. In his opinion, Ms. Russell was not temporarily totally disabled from July 27, 2013, to February 4, 2014.

Ms. Russell asserts that she is entitled to temporary total disability benefits for the period from July 27, 2013, to February, 4, 2014.[1] Her request for these benefits was denied by the claims administrator on April 16, 2015, because the medical documentation failed to establish she was temporarily and totally disabled during that period of time. The Office of Judges affirmed the denial of benefits in its August 7, 2015, Order. The Office of Judges found that the compensable condition in the claim was a recessed disc at L4-L5 with radiculopathy in the L4-L5 distribution. It reviewed the medical evidence and found that Dr. Rodebaugh did not state Ms. Russell needed to be off of work due to the compensable conditions. Additionally, the surgery performed by Dr. Weinsweig was for the non-compensable conditions of lumbar stenosis with neurogenic claudication and spondylolisthesis. The Office of Judges determined that Ms. Russell had not established that she was entitled to temporary total disability benefits due to her compensable injury during the period requested.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 3, 2016. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Dr. Rodebaugh stated Ms. Russell was under his care and opined she needed to be off work as no light duty work was available. However, that alone is not evidence of Ms. Russell's continued temporary total disability. Additionally, no medical evidence was submitted showing the treatment Ms. Russell received after July 26, 2013, and/or the surgery performed by Dr. Weinsweig on May 22, 2014, were needed for the compensable diagnoses of recessed disc at L4-L5 and radiculopathy in the L4-L5 distribution. Ms. Russell failed to submit medical evidence that she remained temporarily and totally disabled after July 26, 2013, due to her work injury. Therefore, her request for the payment of additional temporary total disability benefits was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[1] Ms. Russell requested additional periods of temporary total disability benefits during the course of her appeal. However, the Office of Judges did not consider those requests as they were not the subject of the appeal.